

IN THE
TENTH COURT OF APPEALS

No. 10-14-00191-CV

BRENT ALAN MCLEAN,

Appellant

v.

BRAD LIVINGSTON, ET AL,

Appellee

From the 18th District Court
Johnson County, Texas
Trial Court No. C201400101

ORDER

Brent Alan McLean, a prison inmate, appealed the trial court's dismissal of McLean's civil lawsuit. We dismissed his appeal for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. *See McLean v. Livingston*, No. 10-14-00191-CV, 2014 Tex. App. LEXIS 7826 (App.—Waco 2014), *rev and rem*, 486 S.W.3d 560 (Tex. 2016). We denied rehearing, and McLean sought review by the Texas Supreme Court. McLean was represented by counsel during the proceedings at the Texas Supreme Court.

When the Court reversed our judgment, counsel for McLean did not withdraw from representing McLean.

By letter dated August 4, 2016, the clerk of this Court notified counsel that the Court became aware of counsel's representation and informed counsel that the Court would no longer communicate directly with McLean but would communicate with counsel. Counsel was also notified that McLean's brief was due on June 30, 2016.

In response to this letter, counsel filed a motion to withdraw and McLean sent us a letter, both of which explain that counsel's agreement to represent McLean only applied to the proceedings before the Texas Supreme Court, not to any other proceedings, including a proceeding in this Court in the event that the Texas Supreme Court reversed and remanded this Court's judgment.

Counsel's motion to withdraw is granted.

We now address motions that McLean filed on his own which we have not yet disposed.

McLean's motion to withdraw the clerk's record, filed on June 29, 2016, is granted. This Court's appellate records are now filed in an electronic format. Because McLean contends he has no access to a computer, a hard copy of the clerk's record in this appeal is enclosed with this order. The clerk's record must be preserved in the condition it has been sent to McLean. It may not be disassembled or taken apart for any reason, and it may not be marked on. The clerk's record must be returned to the Court at the time

McLean's brief is filed. If the record is not returned at the time McLean's brief is filed, the Court will dismiss this appeal.

McLean's motion for extension of time to file his brief, filed on June 29, 2016, is granted in part. McLean's brief is due 90 days from the date of this order. This gives McLean ample time to receive the clerk's record from this Court, determine and research the issues to be presented, and prepare and file his brief.

McLean's motion to suspend the requirement of the number of copies of his brief, filed on June 29, 2016, is granted. McLean is permitted to file an original of his brief only. He must still, however, serve a copy of his brief on all parties to this appeal.

Finally, McLean's motion for emergency injunction filed on July 22, 2016, is denied.

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Motion to withdraw as counsel granted
Motion to withdraw record granted
Motion for extension of time granted in part
Motion to suspend granted
Motion for emergency injunction denied
Order issued and filed September 21, 2016

