# NO. 12-17-00217-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL KENNEDY,* *APPELLANT* | *§* | *APPEAL FROM THE 349TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *TEXAS COURT OF CRIMINAL APPEALS JUDGES, ET AL, APPELLEES* | *§* | *ANDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Appellant, an inmate acting pro se, has a filed a notice of appeal regarding a civil proceeding in Anderson County. Because Appellant has not complied, after notice, with either the Texas Rules of Appellate Procedure or the requirements of Chapter 14 of the civil practice and remedies code, we dismiss the appeal.

"A party who is not excused by statute or these rules from paying costs must pay--at the time an item is presented for filing--whatever fees are required by statute or Supreme Court order." TEX. R. APP. P. 5. If unable to pay the requisite filing fee, an inmate must file an affidavit or declaration of previous filings that details all previous pro se actions and contains a certified copy of the inmate's trust account statement. TEX. CIV. PRAC. & REM. CODE. ANN. § 14.004 (West Supp. 2016). An inmate must be afforded an opportunity to cure a Chapter 14 filing defect before dismissal of the appeal. *Ex parte N.C.*, 486 S.W.3d 560 (Tex. 2016); *McLean v. Livingston*, 486 S.W.3d 561, 564 (Tex. 2016).

In this case, on July 10, 2017, the clerk of this Court notified Appellant that the filing fee in this appeal is due. *See* TEX. R. APP. P. 5. Appellant was informed that failure to remit the filing fee on or before July 20, 2017, would result in the Court's taking appropriate action, including

dismissal of the case without further notice. *See* TEX. R. APP. P. 42.3(c). Also on July 10, in the event of Appellant's inability to pay the filing fee, we notified Appellant that his affidavit of previous filings and a certified copy of his inmate trust account statement were due, and that failure to provide a statement of previous filings and inmate trust account statement by July 20, 2017 would result in the appeal being referred to the Court for dismissal without further notice.

To date, Appellant has not paid the filing fee or filed an affidavit of previous filings and copy of his inmate trust account statement. Nor has Appellant otherwise responded to this Court's notices. Because, after notice and an opportunity to cure, Appellant has neither paid the filing fee nor complied with Chapter 14, the appeal is ***dismissed***.[1] *See* TEX. R. APP. P. 42.3(c); *see also **Ex parte Alvarado***, No. 13-16-00514-CV, 2016 WL 6520179 (Tex. App.—Corpus Christi Nov. 3, 2016, no pet.) (mem. op.).

Opinion delivered July 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[1] We also do not have jurisdiction over the court of criminal appeals. *See **Lambert v. State***, NO. 03-12-00530-CR, 2012 WL 3629486 (Tex. App.—Austin Aug. 23, 2012, no pet.) (mem. op., not designated for publication); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.45 (West 2006).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 31, 2017

NO. 12-17-00217-CV

**MICHAEL KENNEDY,**
Appellant
V.
**TEXAS COURT OF CRIMINAL APPEALS JUDGES, ET AL,**
Appellees

Appeal from the 349th District Court

of Anderson County, Texas (Tr.Ct.No. DCCV17-362-349)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*