# NO. 12-17-00277-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MANDELL RHODES, JR.,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | | |
| | § | *JUDICIAL DISTRICT COURT* |
| *JONI WHITE, KELLY ENLOE, BRAD LIVINGSTON, AND WILLIAM STEPHENS,* *APPELLEES* | | |
| | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Mandell Rhodes, Jr., acting pro se, sued Joni White, Kelly Enloe, Brad Livingston, and William Stephens, all employed by the Texas Department of Criminal Justice. On July 18, 2017, Appellees filed a motion for summary judgment, which the trial court granted. Rhodes filed a notice of appeal.

On September 13, this Court notified Rhodes that the filing fee in this appeal is due. *See* TEX. R. APP. P. 5. Subsequently, Rhodes filed a statement of inability to pay costs. On October 10, this Court notified Rhodes that his affidavit of previous filings and a current, certified copy of his inmate trust account statement were due. We informed Rhodes that his appeal would be referred to the Court for dismissal unless a statement of previous filings and a current, certified copy of his inmate trust account statement were filed on or before October 20.

Rhodes filed a motion with this Court, in which he sought to be excused from providing the requested affidavit and trust account statement. He argued that, at the time he filed his petition in the trial court, he was not incarcerated and that his affidavit of inability to pay that he filed with the trial court was supposed to include an appeal. However, the record demonstrates that Rhodes was incarcerated both when the trial court dismissed his lawsuit and when he filed

his notice of appeal. Chapter 14 of the civil practice and remedies code applies to an action, including an appeal, brought by an inmate in an appellate court, in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate. *See* TEX. CIV. PRAC. & REM. CODE. ANN. § 14.002(a) (West 2017). Thus, we overruled the motion.

"A party who is not excused by statute or these rules from paying costs must pay--at the time an item is presented for filing--whatever fees are required by statute or Supreme Court order." TEX. R. APP. P. 5. If unable to pay the requisite filing fee, an inmate must file an affidavit or declaration of previous filings that details all previous pro se actions and contains a certified copy of the inmate's trust account statement. TEX. CIV. PRAC. & REM. CODE. ANN. § 14.004 (West 2017). An inmate must be afforded an opportunity to cure a Chapter 14 filing defect before dismissal of the appeal. ***Ex parte N.C.***, 486 S.W.3d 560 (Tex. 2016); ***McLean v. Livingston***, 486 S.W.3d 561, 564 (Tex. 2016).

Rhodes has not paid the filing fee or filed an affidavit of previous filings and copy of his inmate trust account statement. Because, after notice and an opportunity to cure, Rhodes has neither paid the filing fee nor complied with Chapter 14, the appeal is ***dismissed***. *See* TEX. R. APP. P. 42.3(c); *see also* ***Ex parte Alvarado***, No. 13-16-00514-CV, 2016 WL 6520179 (Tex. App.—Corpus Christi Nov. 3, 2016, no pet.) (mem. op.).

Opinion delivered October 25, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### OCTOBER 25, 2017

### NO. 12-17-00277-CV

**MANDELL RHODES, JR.,**
Appellant
V.
**JONI WHITE, KELLY ENLOE, BRAD LIVINGSTON
AND WILLIAM STEPHENS,**
Appellees

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 17-0089-A)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*