In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00129-CV**

_____

**IN RE NATHANIEL JONES III**

_____

**Original Proceeding**

_____

**OPINION**

Nathaniel Jones III filed a petition for writ of mandamus and a declaration stating that he is unable to pay costs. Jones complains in his petition that the judge of the 172nd District Court of Jefferson County, Texas will not rule on a motion that he filed in that court. From the sparse information that Jones provides in his petition, we are unable to identify the cause number assigned by the District Clerk to the matter or determine if Jones has taken any action to bring the motion he claims he filed to the trial court's attention.

On April 16, 2015, we notified Jones that his petition failed to include a declaration that identified all of the prior lawsuits that he had filed, and that he also

failed to provide the Court with a certified copy of his trust account statement. Both of these documents are required to accompany suits filed by inmates when they file unsworn declarations stating they are unable to pay costs. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (West 2002), § 14.004 (West Supp. 2014). Because the information in Jones's petition does not comply with the requirements of the Rules of Appellate Procedure, the Clerk sent Jones a letter notifying him of the numerous deficiencies with his petition for mandamus. The Clerk notified Jones of the deadline by which he was required to correct the deficiencies in his petition. *See generally* Tex. R. App. P. 9.5; *see also* Tex. R. App. P. 10.1(a), 52.3(a), 52.7. The Clerk's letter warns Jones that if the deficiencies with his petition were not corrected, his original proceeding for writ of mandamus would be dismissed as frivolous. Jones did not file a response to the letter the Clerk sent him by the deadline he was given. *See* Tex. R. App. P. 42.3(c).

The provisions in Chapter 14 of the Texas Civil Practice and Remedies Code apply to original mandamus proceedings filed with appellate courts. *See In re Price*, No. 07-15-00137-CV, 2015 WL 1883924, at *1 (Tex. App.—Amarillo Apr. 23, 2015, orig. proceeding) (mem. op.); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 14.002 (West Supp. 2014). An inmate's failure to comply with an appellate court's notice justifies a conclusion that the inmate's petition is frivolous. *See In re*

2

*Kennedy*, No. 12-15-00026-CV, 2015 WL 455752, at *1 (Tex. App.—Tyler Jan. 30, 2015, orig. proceeding) (mem. op.). Because Jones did not file an affidavit or declaration identifying his previous filings, his petition for writ of mandamus is dismissed as frivolous. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2).

PETITION DISMISSED.

PER CURIAM

Submitted on May 27, 2015
Opinion Delivered May 28, 2015

Before Kreger, Horton, and Johnson, JJ.