# IN THE SUPREME COURT OF TEXAS

════════════
No. 15-0184
════════════

EX PARTE N.C., PETITIONER

════════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE TENTH DISTRICT OF TEXAS
════════════════════════════════════════════════════════

**PER CURIAM**

N.C., a state-prison inmate, filed a petition to expunge criminal records. The trial court denied the petition, and N.C. appealed. With his appeal, N.C. failed to include two filings required by Chapter 14 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE §§ 14.002(a), .004 (requiring "[a]n inmate who files an affidavit or unsworn declaration of inability to pay costs" to file both a declaration of previous filings and a certified copy of the inmate's trust account statement reflecting activity in at least the prior six months). The Tenth Court of Appeals dismissed the action without notice or an opportunity for N.C. to cure the Chapter 14 filing defects. *Ex Parte N.C.*, No. 10-14-00102-CV, 2014 WL 2810632, at *1 (Tex. App.—Waco June 19, 2014, no pet.). In a footnote, the court of appeals informed N.C. that he could file a motion for rehearing within fifteen days. *Id.* at n.1. N.C. filed a timely motion for rehearing asking the court of appeals to reinstate his appeal and asserting that he satisfied the Chapter 14 requirements with filings in the trial court. On July 29, 2014, the court of appeals issued a letter stating, "Unless [N.C.] files an affidavit or declaration 'relating to previous filings' within 30 days from the date of this letter,

[N.C.'s] motion for rehearing will be denied." On August 20, 2014, again by letter, the court of appeals confirmed receipt of N.C.'s declaration relating to prior actions and explained that the declaration must be accompanied by a certified copy of N.C.'s inmate trust account statement. Furthermore, the court of appeals stated, "Unless [N.C.] files the certified copy of his trust account statement within 21 days from the date of this letter, [N.C.'s] motion for rehearing will be denied." Following receipt of the letter, N.C. sent the court of appeals the requested certified copy of his trust account statement. Despite N.C. having complied with the court's instructions and corrected both Chapter 14 filing defects, the court of appeals denied N.C.'s motion for rehearing. *Ex Parte N.C.*, 456 S.W.3d 358, 360 (Tex. App.—Waco 2015, pet. filed).

In our opinion today in *McLean v. Livingston*, ___ S.W.3d ___, ___ (Tex. 2016) (per curiam), we hold that the court of appeals must give an inmate an opportunity to cure a Chapter 14 filing defect in an appellate proceeding, through an amended filing, before the court can dismiss the appeal. Accordingly, we grant N.C.'s petition for review, and without hearing oral argument, TEX. R. APP. P. 59.1, we reverse the court of appeals' judgment and remand the case to the court of appeals for consideration of the merits.

OPINION DELIVERED: April 1, 2016.