# IN THE SUPREME COURT OF TEXAS

════════════
No. 15-0100
════════════

BRENT ALAN MCLEAN, PETITIONER,

v.

BRAD LIVINGSTON, ET AL., RESPONDENTS

════════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE TENTH DISTRICT OF TEXAS
════════════════════════════════════════════════════════

**PER CURIAM**

Chapter 14 of the Civil Practice and Remedies Code applies to an action, "including an appeal or original proceeding, brought by an inmate in a district . . . or an appellate court, . . . in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." TEX. CIV. PRAC. & REM. CODE § 14.002(a). Chapter 14 requires:

> (a) An inmate who files an affidavit or unsworn declaration of inability to pay costs shall file a separate affidavit or declaration:
> > (1) identifying each action, other than an action under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the action was brought; and
> > (2) describing each action that was previously brought . . . .
> . . .
> (c) The affidavit or unsworn declaration must be accompanied by the certified copy of the trust account statement required by Section 14.006(f).

*Id.* § 14.004. The trust account statement "must reflect the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." *Id.* § 14.006(f). Therefore, if an inmate files an action in an appellate court and declares an inability to pay costs, the inmate must make two required Chapter 14 filings: (1) a separate affidavit or declaration identifying prior actions filed pro se, and (2) a certified copy of the inmate's trust account statement showing any account activity in at least the prior six months. *Id.* §§ 14.004, .006(f). The statute details when a claim may be dismissed based on the information provided by the inmate in the Chapter 14 filings, but the statute does not address the failure to file either the declaration of prior actions or the certified copy of the inmate's trust account statement altogether.[1] *See id.* §§ 14.001–.014. We must determine whether the court of appeals must give an inmate an opportunity to cure a Chapter 14 filing defect before the court can dismiss the appeal. We hold that the court of appeals must allow the inmate an opportunity to amend his filings.

Brent McLean, a state-prison inmate, filed suit in the trial court seeking a declaratory judgment that he was eligible for mandatory release under section 42.18 of the Texas Code of Criminal

---

[1] Section 14.003 states:

(a) A court may dismiss a claim, either before or after service of process, if the court finds that:
(1) the allegation of poverty in the affidavit or unsworn declaration is false;
(2) the claim is frivolous or malicious; or
(3) the inmate filed an affidavit or unsworn declaration . . . that the inmate knew was false.
(b) In determining whether a claim is frivolous or malicious, the court may consider whether:
(1) the claim's realistic chance of ultimate success is slight;
(2) the claim has no arguable basis in law or in fact;
(3) it is clear that the party cannot prove facts in support of the claim; or
(4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.
(c) In determining whether Subsection (a) applies, the court may hold a hearing.

TEX. CIV. PRAC. & REM. CODE § 14.003.

Procedure and that three Texas Department of Criminal Justice (TDCJ) officials—the Executive Director of the TDCJ, the Chief of Classification of the TDCJ, and the Chairman of the Texas Board of Pardons and Paroles—failed to discharge their duty to release him. The TDCJ officials filed a plea to the jurisdiction asserting that McLean's claims were filed pursuant to the Uniform Declaratory Judgments Act (UDJA) and that the UDJA does not grant jurisdiction, but is merely a procedural device. The trial court granted the TDCJ officials' plea. McLean appealed the trial court's dismissal of his suit to the Tenth Court of Appeals and filed an affidavit of inability to pay costs with his notice of appeal. *McLean v. Livingston*, No. 10-14-00191-CV, 2014 WL 3559279, at \*1 (Tex. App.—Waco July 17, 2014, no pet.). The court of appeals dismissed McLean's appeal as frivolous for failure to file a declaration of prior actions or a certified copy of his inmate trust account statement as required by Chapter 14. *Id.* In a footnote, the court of appeals stated that a motion for rehearing may be filed within fifteen days. *Id.* at n.1. McLean filed an "amended notice of appeal," which included the required Chapter 14 filings. McLean then filed a motion for rehearing, arguing that the deficiency in his notice of appeal could be cured by the amended notice of appeal. In a consolidated opinion, the court of appeals denied McLean's motion for rehearing as violating section 14.004 and therefore frivolous.[2] *See Ex parte N.C.*, 456 S.W.3d 358, 360 (Tex. App.—Waco 2015, pet. filed). McLean petitioned this Court for review.

The courts of appeals that have addressed this issue are split on whether an inmate should be allowed an opportunity to cure a Chapter 14 filing defect. Six of the nine courts that have addressed

---

[2] *See Ex parte N.C.*, ___S.W.3d___,___ (Tex. 2016) (per curiam) (also addressing the Tenth Court of Appeals' consolidated opinion).

the issue have, in practice, allowed inmates the opportunity to cure a defective or missing Chapter 14 filing before dismissing the appeal—the First, Fourth, Sixth, Seventh, Ninth, and Fourteenth Courts of Appeals. *See Rodarte v. Beneficial Tex., Inc.*, No. 04-15-00647-CV, 2015 WL 8378362, at *1 (Tex. App.—San Antonio Dec. 9, 2015, pet. filed) (dismissing the appeal only after giving the inmate an opportunity to cure Chapter 14 filing defects and ordering the inmate to file an affidavit of prior actions and certified copy of his trust account statement); *Dunsmore v. Barrow*, No. 14-15-00572-CV, 2015 WL 7258506, at *2 (Tex. App.—Houston [14th Dist.] Nov. 17, 2015, no pet.) (per curiam) (mem. op.) (dismissing the appeal only after notifying the parties of the court's intent to dismiss for failure to comply with Chapter 14 unless the inmate complied on or before a specified date); *Hill v. State*, No. 07-15-00157-CV, 2015 WL 4148273, at *1 (Tex. App.—Amarillo July 9, 2015, no pet.) (per curiam) (mem. op.) (stating the inmate was advised that he did not comply with the Chapter 14 filing requirements and was given ample time to cure defects in pursuing the appeal, but that the inmate ultimately failed to comply, resulting in dismissal of his appeal); *In re Jones*, 464 S.W.3d 874, 874–75 (Tex. App.—Beaumont 2015, no pet.) (orig. proceeding) (per curiam) (stating inmate was given notice of his petition's deficiencies and that a failure to cure would result in a dismissal of his suit as frivolous); *Wilkerson v. Ramsey 1 Unit*, No. 01-14-00790-CV, 2015 WL 1825802, at *2 (Tex. App.—Houston [1st Dist.] Apr. 21, 2015, no pet.) (per curiam) (mem. op.) (dismissing the appeal only after notifying the inmate that his appeal was subject to dismissal unless he satisfied all of the Chapter 14 filing requirements and the inmate still failed to file a declaration of prior actions); *Frey v. Foster*, No. 06-13-00086-CV, 2014 WL 1004494, at *3 (Tex. App.—Texarkana Mar. 14, 2014, pet. denied) (mem. op.), *cert. denied*, 135 S. Ct. 1502 (2015) (explaining "[w]e noticed that [the inmate] had filed

neither an affidavit or unsworn declaration of previous filings nor a certified copy of his inmate trust account statement on appeal" so "[w]e sent a letter to [the inmate] giving him the opportunity to cure these defects").

The Tenth, Twelfth, and Thirteenth Courts of Appeals, however, do not allow an inmate an opportunity to cure a Chapter 14 filing defect before dismissing the appeal. *See Ex parte N.C.*, 456 S.W.3d at 359–60; *Frey v. Hendrix*, No. 12-14-00322-CV, 2014 WL 5775195, at *1 (Tex. App.—Tyler Nov. 5, 2014, pet. denied) (per curiam) (mem. op.); *Hickman v. Tex. Dep't of Criminal Justice*, No. 13-12-00437-CV, 2013 WL 3770916, at *2–3 (Tex. App.—Corpus Christi July 18, 2013, no pet.) (mem. op.). Those courts of appeals use conclusory reasoning in explaining their dismissals. The Tenth Court of Appeals explained that it allowed inmates an opportunity to cure during a three-year period after the Legislature added the additional appellate court filing requirements, but that "[t]hree years of education about the statutory requirements is long enough. The statute clearly authorizes this Court to summarily dismiss a proceeding that does not comply with the statute when it is filed." *Ex parte N.C.*, 456 S.W.3d at 359–60 (citing no authority for the proposition that the statute allows the court of appeals to summarily dismiss a proceeding that does not meet the Chapter 14 filing requirements). This conclusion seems to stem from a Tenth Court of Appeals opinion interpreting Chapter 14 at the trial court level. *See Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no pet.). In *Hickson v. Moya*, the court of appeals explained:

> We believe that the supplemental filing required by section 14.004 is designed to assist the court in making the determinations that the Legislature has called upon it to make; thus, it is an essential part of the process by which courts review inmate litigation. Because the court can dismiss when an inmate files a false affidavit or

5

> declaration, we believe that the same policy allows a court to dismiss a suit that is filed without the affidavit or declaration.

*Id.* (citing TEX. CIV. PRAC. & REM. CODE §§14.003, .004). The courts of appeals that dismiss without opportunity to cure have extended that opinion interpreting the Chapter 14 trial court requirements to the Chapter 14 appellate court requirements. *See, e.g., Hickman*, 2013 WL 3770916, at *2.

This reasoning, however, ignores our precedent on this issue. *See Peña v. McDowell*, 201 S.W.3d 665, 665–66 (Tex. 2006) (per curiam). In *Peña v. McDowell*, the trial court dismissed the inmate's suit with prejudice as "frivolous or malicious" for his failure to comply with section 14.004 filing requirements—specifically, for failure to list the operative facts of any suit previously filed pro se by the inmate. *Id.* The court of appeals affirmed the dismissal but reformed the judgment to read "without prejudice." *Id.* at 665. We held that "[u]nder Texas law, [a dismissal for failure to comply with section 14.004] may be corrected through an amended pleading, so a dismissal with prejudice is not appropriate." *Id.* at 666. In keeping with that holding, we conclude today that an inmate must be afforded the same opportunity to amend his appellate filings to cure Chapter 14 filing defects, prior to dismissal of the appeal.

In support of allowing an inmate the opportunity to amend his appellate filings, the Rules of Appellate Procedure mandate that "[a] court of appeals *must not* . . . dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities." TEX. R. APP. P. 44.3 (emphasis added). While this Court's application of Rule 44.3 thus far has been in cases in which the formal defect or irregularity in appellate procedure involved violation of a Rule of Appellate Procedure, section 14.004 establishes appellate procedural

6

requirements and is therefore governed by the same rule. *See, e.g., Higgins v. Randall Cty. Sheriff's Office*, 193 S.W.3d 898, 899 (Tex. 2006) (per curiam) (concluding that an appeal may not be dismissed for a formal procedural defect or irregularity in appellate procedure unless the party is provided a reasonable opportunity to correct the defect); *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997) (explaining that "[o]ur decisions reflect the policy embodied in our appellate rules that disfavors disposing of appeals based upon harmless procedural defects"); *Grand Prairie Indep. Sch. Dist. v. S. Parts Imps., Inc.*, 813 S.W.2d 499, 500 (Tex. 1991) (per curiam) (concluding that "[i]f the appellant timely files a document in a bona fide attempt to invoke the appellate court's jurisdiction, the court of appeals, on appellant's motion, must allow the appellant an opportunity to amend or refile the instrument required by law or our Rules to perfect the appeal"). Section 14.004 involves two procedural requirements that have no bearing on the underlying lawsuit: (1) filing an affidavit or declaration describing each pro se action previously bought by the litigant; and (2) filing a certified copy of the inmate's trust account statement. TEX. CIV. PRAC. & REM. CODE § 14.004. From the language of Rule 44.3 and the Court's application to allow an opportunity to cure procedural defects in analogous cases, it is clear that Texas favors a policy allowing an appellant the opportunity to cure a procedural defect so that a case may be decided on its merits. Moreover, by allowing an inmate the opportunity to cure his Chapter 14 filing defects through an amended filing at the court of appeals, we are safeguarding inmates' "access to the courts given their unique circumstances," and ensuring that courts of appeals dismiss claims only after reviewing the required Chapter 14 filings or after the inmate fails to cure. *Warner v. Glass*, 135 S.W.3d 681, 685 (Tex. 2004) (per curiam).

Here, McLean filed an "amended notice of appeal," which included his Chapter 14 declaration and a certified copy of his inmate trust account statement, thereby correcting his defective filings. The Chapter 14 filings have no effect on the merits of the underlying dispute, which involves whether the plea to the jurisdiction should have been granted. Accordingly, we grant the petition for review, and without hearing oral argument, TEX. R. APP. P. 59.1, we reverse the court of appeals' judgment and remand the case to the court of appeals for consideration of the merits.

OPINION DELIVERED: April 1, 2016