# IN THE SUPREME COURT OF TEXAS

══════════
No. 15-0419
══════════

BOBBY BROWN, PETITIONER

v.

GEANNIE JONES AND JOHN JACKSON, RESPONDENTS

═══════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE TENTH DISTRICT OF TEXAS
═══════════════════════════════════════════════

**PER CURIAM**

Bobby Brown, a state-prison inmate, filed a complaint in the Justice of the Peace Court, Precinct No. 1, Walker County, alleging that prison officials illegally confiscated his personal, legal, and religious materials without due process. The justice court dismissed Brown's complaint and Brown appealed to the Tenth Court of Appeals. The Tenth Court of Appeals dismissed Brown's appeal for lack of jurisdiction. *Brown v. Jones*, No. 10-15-00039-CV, 2015 WL 1316712, at *1 (Tex. App.—Waco Mar. 19, 2015, no pet.) (mem. op). Subsequently, Brown appealed the justice court's dismissal to the County Court at Law of Walker County, which dismissed Brown's case for failure to comply with Texas Civil Practice and Remedies Code section 14.005. Brown appealed the county court's dismissal to the Tenth Court of Appeals but failed to file an affidavit or

declaration "relating to previous filings" as required by Texas Civil Practice and Remedies Code chapter 14. *See* TEX. CIV. PRAC. & REM. CODE §§ 14.002(a), .004 (requiring "[a]n inmate who files an affidavit or unsworn declaration of inability to pay costs" to file both a declaration of previous filings and a certified copy of the inmate's trust account statement reflecting activity in at least the prior six months). The Tenth Court of Appeals dismissed the appeal without notice or an opportunity for Brown to cure the section 14.004(a) filing defect. ___ S.W.3d ___, ___.

In two prior opinions, *McLean v. Livingston*, ___ S.W.3d ___, ___ (Tex. 2016) (per curiam), and *Ex Parte N.C.*, ___ S.W.3d ___, ___ (Tex. 2016) (per curiam), we held that the court of appeals must give an inmate an opportunity to cure a section 14.004 filing defect in an appellate proceeding, through an amended filing, before the court can dismiss the appeal. Accordingly, we grant Brown's petition for review, and without hearing oral argument, TEX. R. APP. P. 59.1, we reverse the court of appeals' judgment and remand the case to the court of appeals to allow Brown an opportunity to cure his section 14.004(a) filing defect.

OPINION DELIVERED: July 1, 2016