

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00191-CV

**BRENT ALAN MCLEAN,**

**Appellant**

 **v.**

**BRAD LIVINGSTON, ET AL,**

**Appellee**

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. C201400101

## MEMORANDUM OPINION

Brent Alan McLean, a prison inmate, appealed the trial court's dismissal of McLean's civil lawsuit. We dismissed his appeal for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code[1] and denied rehearing.[2] The Texas Supreme Court reversed our judgment and remanded McLean's appeal back to us for

---

[1] *McLean v. Livingston*, No. 10-14-00191-CV, 2014 Tex. App. LEXIS 7826 (App.—Waco 2014).

[2] *McLean v. Livingston*, 456 S.W.3d 358 (Tex. App.—Waco 2015, order).

review.[3]

Within the next 5 months, the Texas Supreme Court's mandate issued, the appellate record was filed in this Court, and McLean filed his appellate brief. But, before appellees could file a brief, we were informed by appellees through a motion for extension of time to file appellees' brief that McLean had absconded while being released to a halfway house. Later, after we issued an order on January 25, 2017, requiring service of appellees' motion on McLean at all of his known addresses, including an address McLean had provided to us earlier, we received a telephone call from McLean informing us that he knew about the January 25, 2017 order and that he was no longer in Texas but would not provide his address.

Not surprisingly, appellees could not serve their motion on McLean. By Order dated March 8, 2017, we ordered McLean to file a status report within 14 days that provided an address at which he could be served with pleadings, orders, and notices and warned McLean that the failure to respond to the order would result in the dismissal of his appeal for want of prosecution. *See* TEX. R. APP. P. 42.3(b), (c). We mailed this order to McLean at his last known prison address, the last address provided to us by McLean, and the address of the halfway house to which McLean was reportedly released.[4] More than fourteen days have passed, and McLean has failed to respond to our order.

---

[3] *McLean v. Livingston*, 486 S.W.3d 561 (Tex. 2016).

[4] The letter to the halfway house was returned on March 21, 2017 and marked "Return to Sender/Undeliverable as Addressed/Unable to Forward." The letter to the address McLean provided to us was returned March 20, 2017 and marked "Return to Sender/Refused/Unable to Forward." The letter to McLean at his prison address has not been returned.

Accordingly, this appeal is dismissed. *Id.*

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). *See also* TEX. R. APP. P. 5; 10TH TEX. APP. (Waco) Loc. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b); 51.208; § 51.941(a) (West 2013). Under the circumstances of this case, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal dismissed
Opinion delivered and filed April 26, 2017
[CV06]

