January 5, 2018

Clerk of the Court
12th Court of Appeals
1517 W. Front Street, Suite 354
Tyler TX 75702

Victor Vega, #1447025
Michael Unit
2664 FM 2054
Tennessee Colony TX 75886

Re:  Appellate Cause No. 12-17-00386-CV
     Trial Court Cause No. DCCV17-432-349
     In re VEGA

To the Clerk of the Court:

Please find enclosed, three (3) copies each of Relator's Motion for Rehearing and Unsworn Declaration of Mailing in the above entitled action.

Please file one copy with the Court, serve a copy on opposing parties, and return a file marked copy to me for my records.

For your conveniance, I have included a self-addressed, stamped envelope for the return documents.

Your attention in this matter is greatly appreciated.

Respectfully submitted,

Victor Vega, #1447025
Pro Se

FILED IN COURT OF APPEALS
12th Court of Appeals District

JAN 2 2 2018

TYLER TEXAS
PAM ESTES, CLERK

VBV

Encl.

cc: file

| | | |
|---|---|---|
| In Re Victor VEGA, #1447025 | § | In the 12th Court of Appeals |
| | § | |
| | § | for the |
| | § | |
| (original proceeding) | § | State of Texas |

FILED IN COURT OF APPEALS
12th Court of Appeals District

JAN 2 2 2018 *ellcm*

TYLER TEXAS
PAM ESTES, CLERK

## <u>MOTION FOR REHEARING</u>

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW, Victor VEGA, #1447025, ("Relator"), in the above entitled action, who makes and files this Motion for Rehearing. In support of this Motion, Relator would show this Court the following:

1. On December 28, 2017, Relator received this Court's Memorandum Opinion and Judgment dated December 21, 2017, in which this Court held Relator failed to comply with the applicable rules of procedure.

2. Relator respectfully moves this Court to reconsider this opinion, as it appears this Court did not consider the additional documents, timely filed by Relator, in this cause.

3. It would appear this Court considered Relator's December 14, 2017 letter, as it was quoted in the Court's opinion. It also appears the Court did not consider Relator's December 18, 2017 follow-up letter, which also included the required Appendix, timely mailed, after Relator discovered he had inadvertently mailed said Appendix to the Clerk under his Appellate Cause No. and not the Cause No. of this Mandamus proceeding. Relator stipulates he did not file a copy of the Trial Court Clerk's Record. Relator does not have this record, as the Trial Court Clerk has not provided him a copy.

1

4. In Appellate Cause No. 12-17-00302-CV, Chief Deputy Clerk of this Court directed the Trial Court Clerk to furnish the Clerk's Record of Trial Court Cause No. DCCV17-432-349, which is the underlying case in this original proceeding, by December 27, 2017. As of the date of this Motion, Relator has not received said Record from the Trial Court Clerk.

5. Relator asserts he has made a good faith effort to comply with all applicable rules of procedure and instructions from this Court and it's Clerk.

6. This Court held that a **pro se** litigant is required to comply with applicable rules of procedure, as failing to do so results in an unfair advantage over his adversary, citing an unpublished case out of the 5th Court of Appeals, **In re Buholtz, 05-14-01286-CV, 2014 WL 5426127, @ *1 (Tex.App. Dallas, Oct. 27, 2014, orig. proc.)(mem. op.).**

7. Relator does not dispute this Court's holdings, only that the Rules of Procedure apply both ways. This Court required Relator to provide additional materials in order to comply with said rules, then failed to consider same, when timely filed by Relator.

8. This Mandamus action was brought for exactly this reason. The Trial Court failed to comply with Tex.R.Civ.P., by ignoring Relator's timely and proper request for Findings of Facts and Conclusions of Law under Tex.R.Civ.P. Rule 296, and failed to respond or comply with Relator's Tex.R.Civ.P. Rule 297 Notification of Past Due Findings of Facts and Conclusions of Law, which was also timely and properly filed.

9. Relator strenuously asserts he has maintained the presumption of indigence granted him through Tex.R.App.P. Rule 20.1(b)(2) in this matter, as well as his pending appeal, Appellate Cause No. 12-17-00302-CV.

10. As stated in Relator's December 14, 2017 letter, no party in this matter has filed any motion under Tex.R.App.P. 20.1(b)(3)(A) or any other provision, challenging such presumption.

2

11. The 2nd Court of Appeals recently addressed a similar circumstance in **Leachman v. Stephens**, 2016 Tex.App. LEXIS 12170 (Tex.App. Fort Worth, 2016) @ *10-11, "Chapter 14 does not define 'indigence' but anticipates indigent inmates having funds to draw upon to pay for or to help pay costs. [Tex. Civ. Prac. & Rem. Code] §14.001 lists several definitions, however, 'indigence'; is not among them. [Tex. Civ. Prac. & Rem. Code] §14.006 anticipates that an inmate will have some money that the trial court may draw upon to pay court costs."

12. "The triggering mechanism is the filing of an affidavit or unsworn declaration, not the 'finding' of any indigence or the sustaining of any contest to an affidavit or declaration of indigence.", **ibid at 12.** The **Leachman** Court concluded that "authorization to draw from an inmates trust fund account is not based on the fact the inmate **is** indigent; rather, the authorization is based on the fact the inmate filed a document **claiming** he was indigent.", **ibid at 14 (emphasis in orig.).**

13. While this Court was not asked to rule on Relator's status as a pauper, it bears significance in this Mandamus proceeding, for as long as Relator filed an unsworn declaration of his inability to pay costs, he is entitled to proceed as such, absent a challenge being filed. In this case, Relator's appeal, and in the underlying Trial Court petition, no such challenge was brought.

14. Thus, Relator is presumed indigent under the Rules of Procedure, which includes proceeding without pre-payment of costs and the preparation and production of the Trial Court Clerk's Record.

15. Relator believed he made diligent efforts to ensure this Court's Clerk, and the Trial Court's Clerk, were aware of this fact, in several letters. Relator further believed in good faith, that the Trial Court Record would already have been forwarded to this Court for his appeal, and Relator could direct this Court's attention to it, rather than duplicate documents unnecessarily.

16. If the matter was cost of the Record, Relator asserts this issue was cured by his December 18, 2017 letter, in which Relator asks the Court to order payment of the Record fees, $21.00, be taxed him, and withdrawn from his Trust Fund Account, as expressly authorized by Tex. Civ.

3

Prac. & Rem. Code §14.006(g), although he believes this is not necessary due to the presumption of indigence authorized through Tex.R.App.P. Rule 20.1.

17. Finally, Relator is entitled to rely on the "Prison Mailbox Rule", see **McLean v. Livingston, 486 SW3d 561 (Tex.2016); Warner v. Glass, 135 SW3d 681 (Tex.2004)**, which allows an inmate to have any document(s), properly addressed and prepaid postage, be considered timely filed upon deposit in the prison's mail box for collection of legal mail, or to staff responsible for such mail collection. See Relator's attached Unsworn Declaration of Mailing.

## PRAYER

Relator respectfully prays this Honorable Court will reconsider its prior memorandum opinion and judgment, review all timely filed documents, hear Relator's Petition for Writ of Mandamus, and grant all such relief requested in said Petition.

Respectfully submitted,

Victor Vega, #1447025
Pro Se
Michael Unit
2664 FM 2054
Tennessee Colony TX 75886

4

| In Re Victor VEGA, #1447025 | § | In the 12th Court of Appeals |
|---|---|---|
| | § | |
| | § | for the |
| | § | |
| (original proceeding) | § | State of Texas |

## UNSWORN DECLARATION OF MAILING

I, Victor VEGA, #1447025, ("Relator "), in the above entitled action, do hereby declare:

1. On November 30, 2017, Relator filed a Petition for Writ of Mandamus, ("Mandamus"), both the Mandamus and the cover letter to the Court Clerk expressly stated Relator's presumption of **in forma pauperis** pursuant to Tex.R.App.P. Rule 20.1(b)(2).

2. On December 12, 2017, Relator received a letter from the Clerk dated December 7, 2017, in **Case No. 12-17-00302-CV**, his appeal, requesting an Affidavit of Previous Filings and a Certified Copy of his Inmate Trust Fund Account Statement, due on December 18, 2017.

3. On December 13, 2017, Relator received three (3) letters from the Clerk, all dated December 7, 2017, in reference to **Case No. 12-17-00386-CV**, this Mandamus. The first letter stated his Mandamus was filed, but failed to comply with Tex.R.App.P. Rules 52.4(k) and 52.7. The second, requesting an Affidavit of Previous Filings and a Certified Copy of his Inmate Trust Fund Account Statement. The third letter requesting the payment of $155 in filing fees, all to be submitted to the Court by December 18, 2017.

4. On December 14, 2017, Relator physically handed Corrections Officer Shekina Smith of the Michael Unit Law Library, his letter with a Certified Copy of his Inmate Trust Fund Account Statement, along with a cover letter, again, expressly invoking Tex.R.App.P. Rule 20.1(b), in a

1

properly addressed, stamped envelope, labeled as "Legal Mail", for delivery to the U.S.P.S. for delivery.

5.  On December 18, 2017, Relator physically handed Corrections Officer Shekina Smith of the Michael Unit Law Library, a letter with Relator's Amended Affidavit of Previous Filings, a Certified Copy of his Inmate Trust Fund Account Statement, and a cover letter asserting the presumption of indigence afforded him under Tex.R.App.P. 20.1(b), as well as authorizing the taxing of any fees required, to be drawn on his Inmate Trust Fund Account, pursuant to Tex. Civ. Prac. & Rem. Code §14.006(g), and a detailed explanation of how he mistakenly filed the Appendix in this case, in Case No. 12-17-00302-CV, due to the timing and similarity in letters received from the Clerk and similar cause numbers. This letter was properly addressed, stamped, and labeled as "Legal Mail", for delivery to the U.S.P.S.

6.  On December 27, 2017, Relator received file marked copies of the Declaration of Previous Filings, Appendix, Inmate Trust Fund Account Statement, and December 14, 2017 letter, filed marked by the Clerk on December 20, 2017, along with two (2) letters from the Clerk. The second letter, regarding Case No. 12-17-00386-CV, advising documents were filed, but noting the Court did not affect service on opposing parties.

7.  On December 28, 2017, Relator received this Court's Memorandum Opinion and Judgment, denying his Mandamus, due to the lack of required documents.

8.  As of the date of this Motion, Relator has not received any file marked copies of his Petition for Mandamus, nor the documents mailed to the Clerk on December 18, 2017, which included the documents this Court stated were lacking in it's opinion denying relief.

2

## VERIFICATION

I swear, certify, and verify the foregoing information is true and correct under penalty of perjury.

Executed this 3rd day of January, 2018 at Tennessee Colony, Texas.

Respectfully submitted,

Victor Vega, #1447025
Pro Se
Michael Unit
2664 FM 2054
Tennessee Colony TX 75886

3