# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00189-CV

**Juan Enriquez, Appellant**

**v.**

**Dale Wainwright, Chairman of the Texas Board of Criminal Justice; and Lannette Linthicum, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT NO. D-1-GN-16-005852, HONORABLE DUSTIN M. HOWELL, JUDGE PRESIDING

## MEMORANDUM OPINION

Juan Enriquez, an inmate confined in the Institutional Division of the Texas Department of Criminal Justice who is appearing pro se and in forma pauperis, appeals the trial court's order granting a plea to the jurisdiction filed by Dale Wainwright, Chairman of the Texas Board of Criminal Justice,[1] and Lannette Linthicum, Director of the Health Services Division of the Texas Department of Criminal Justice. Because the trial court had jurisdiction over the underlying mandamus proceeding—the sole issue before us—we will reverse and remand.

---

[1] The nine member Texas Board of Criminal Justice is appointed by the governor to oversee the Texas Department of Criminal Justice. The board members are responsible for hiring the executive director of the department and setting rules and policies that govern the agency.

## BACKGROUND

Enriquez sued Wainwright and Linthicum and a number of other prison officials and medical doctors complaining of the manner in which medical treatment was provided to him in connection with conditions of his kidneys, prostate gland, and urinary tract. Enriquez sought the following relief against Wainwright and Linthicum:

> A writ of mandamus directing Defendants to provide Plaintiff with either transurethral microwave thermotherapy or transurethral needle ablation to correct Plaintiff's diagnosed BPH and which procedure shall be performed by doctors not connected to or associated with the TDCJ or UTMB.
>
> A writ of mandamus directing Defendants to provide Plaintiff with a comprehensive evaluation of the damage to his kidneys and the treatment necessary to repair or restore them and which evaluation and treatment shall be done by doctors not connected to or associated with the TDCJ or UTMB.
>
> A writ of mandamus directing Defendants to provide Plaintiff with the treatment necessary to correct or cure Plaintiff's anemia caused by kidney failure and which treatment shall be provided by doctors not connected to or associated with the TDCJ or UTMB.

Enriquez also sought unspecified "prospective equitable relief" as well as actual and exemplary damages in excess of $15 million. Enriquez alleged that venue was proper in Travis County because he sought mandamus relief against the head of a state agency. *See* Tex. Civ. Prac. & Rem. Code § 15.014 ("An action for mandamus against the head of a department of the state government shall be brought in Travis County."); *cf. id.* § 15.019 ("Except as provided by Section 15.014, an action that accrued while the plaintiff was housed in a facility operated by or under contract with the Texas Department of Criminal Justice shall be brought in the county in which the facility is located.").

2

Wainwright and Linthicum filed a motion to transfer venue and original answer. In their motion to transfer venue, Wainwright and Linthicum argued that any claims against them based on section 1983 of the United States Code must be brought in Anderson County, the location of the facility where Enriquez was incarcerated at the time those claims accrued. *See id.* Enriquez filed a response in which he asserted that section 15.019 of the Texas Civil Practice and Remedies Code did not apply to his claims against Wainwright and Linthicum because he was seeking mandamus relief against heads of a department of state government and, consequently, venue was mandatory in Travis County. *See id.* § 15.014.

Wainwright and Linthicum also filed a plea to the jurisdiction in which they asserted that mandamus relief was not available because Enriquez was not seeking to compel them to perform a ministerial act. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991) ("A writ of mandamus will issue to compel a public official to perform a ministerial act."). "An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion." *Id.*; *see also Community Health Choice, Inc. v. Hawkins*, 328 S.W.3d 10, 13 (Tex. App.—Austin 2010, pet. denied). In general, a writ of mandamus will not issue if the public official has discretion to perform the act requested. *Anderson*, 806 S.W.2d at 793. There are, however, exceptions when a public official commits a clear abuse of that discretion. *Id.*; *see also Dykes v. City of Houston*, 406 S.W.2d 176, 183 (Tex. 1966); *Womack v. Berry*, 291 S.W.2d 677, 682 (Tex. 1956).

The trial court held a hearing on Wainwright and Linthicum's plea to the jurisdiction.[2] At the hearing, counsel for Wainwright and Linthicum argued that Enriquez was not entitled to mandamus relief because he sought to compel a particular form of medical care, which was, in their view, "clearly discretionary action." Counsel argued that, as a consequence, the trial court had "no jurisdiction to order mandamus." At the conclusion of the hearing the court granted the plea to the jurisdiction and Enriquez perfected this appeal.

**DISCUSSION**

The district court has exclusive original jurisdiction over mandamus proceedings except when the Texas Constitution or a statute confers original jurisdiction in another tribunal. *In re Nolo Press/Folk Law, Inc.*, 991 S.W.2d 768, 775 (Tex. 1999). The Texas Constitution empowers trial courts to issue writs of mandamus to compel public officials to perform ministerial acts. Tex. Const. art. V, § 8. An original proceeding for a writ of mandamus initiated in the trial court is a civil action subject to trial and appeal on substantive issues and rules of procedure as any other civil suit. *See Anderson*, 806 S.W.2d at 792 n.1. Thus, the trial court had jurisdiction to consider Enriquez's action seeking mandamus relief against Wainwright and Linthicum.

The public officials argued, and the trial court apparently agreed, that mandamus was not available because the relief sought was not the performance of a ministerial act. Such a ruling would not, however, operate to deprive the court of subject-matter jurisdiction over Enriquez's

---

[2] The motion to transfer venue was not addressed by the court at the hearing because Enriquez was not provided the required 45-days' notice. *See* Tex. R. Civ. P. 87(1). ("Except on leave of court each party is entitled to at least 45-days' notice of a hearing on the motion to transfer.").

4

claim. Instead, such a conclusion would simply dictate the denial of the requested mandamus relief, a decision that could then be appealed as in any other civil suit. We express no opinion on the merits of the relief Enriquez seeks. However, because the trial court had subject-matter jurisdiction over Enriquez's request for a writ of mandamus against Wainwright and Linthicum, we hold that it erred in granting the plea to the jurisdiction. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) ("A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit.").

Wainwright and Linthicum also argue that this Court should dismiss the appeal because Enriquez failed to comply with the requirement that he file an affidavit or declaration "identifying each action . . . previously brought by the person and in which the person was not represented by an attorney, . . . ." *See* Tex. Civ. Prac. & Rem. Code § 14.004(a)(1) (inmate who files affidavit or unsworn declaration of inability to pay costs shall file separate affidavit or declaration "relating to previous filings" in which inmate must detail all previous actions filed pro se); *Douglas v. Moffett*, 418 S.W.3d 336, 340 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (requirement of filing inmate's list of previous filings generally applies to appeals brought in appellate court on or after January 2012).[3] Relying on *Hickman v. Texas Department of Criminal Justice*, they assert that Texas courts of appeals consistently dismiss cases in which an inmate has failed to file an affidavit

---

[3] The purpose of the statutory requirement that inmates bringing in forma pauperis suits identify previous suits they have filed and their outcomes is to assist the trial court in determining whether a suit is malicious or frivolous under section 14.003(a). *Gowan v. Texas Dep't of Crim. Justice*, 99 S.W.3d 319, 321 (Tex. App.—Texarkana 2003, no pet.); *see* Tex. Civ. Prac. & Rem. Code § 14.003(a)(2) (court may dismiss claim brought by inmate appearing in forma pauperis if court finds that claim is frivolous or malicious).

or declaration of previous filings. *Hickman v. Texas Dep't of Crim. Justice*, No. 13-12-00437-CV, 2013 WL 3770916, at *3 (Tex. App.—Corpus Christi July 18, 2013, no pet.) (mem. op.). In *Hickman*, the court of appeals dismissed, without notice, an inmate's appeal because he did not file an affidavit of previous filings with his notice of appeal. *Id.* Wainwright and Linthicum's reliance on *Hickman*, however, is misplaced because that case has been expressly abrogated by the Texas Supreme Court. *See McLean v. Livingston*, 486 S.W.3d 561, 563-64 (Tex. 2016). In *McLean*, the court expressly rejected the reasoning of the court of appeals in *Hickman* and concluded that "an inmate must be afforded the [] opportunity to amend his appellate filings to cure Chapter 14 filing defects, prior to dismissal of the appeal." *Id.* at 564. In the present case, Enriquez has provided this Court with a declaration of previous filings and has thus complied with the requirement of section 14.004(a)(1). We decline to dismiss his appeal pursuant to chapter 14.[4]

## CONCLUSION

For the reasons stated in this opinion, we conclude that the trial court erred in granting the plea to the jurisdiction filed by Wainwright and Linthicum. A plea to the jurisdiction should not be used to address whether a petitioner is entitled to mandamus relief. The trial court had jurisdiction over Enriquez's request for mandamus relief, without regard to its merits. We therefore

---

[4] Wainwright and Linthicum also suggest that Enriquez has not complied, as required, with section 14.005(a)(2) of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 14.005(a)(2) (inmate who files claim subject to grievance system established under Texas Government Code section 501.008 must file affidavit or unsworn declaration showing exhaustion of administrative remedies through TDCJ grievance system). Wainwright and Linthicum do not provide any authority or explanation for their presupposition that the grievance system established under Texas Government Code section 501.008 is applicable to Enriquez's action seeking mandamus relief against them. We decline to dismiss the appeal on this ground.

6

reverse the trial court's order granting the plea and remand the claims against Wainwright and Linthicum to the trial court for further proceedings.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Field and Toth

Reversed and Remanded

Filed: December 13, 2018