IN THE
 TENTH COURT OF APPEALS
 center10985500
 No. 10-19-00077-CV
 
MICHAEL DEAN PERRY,
 Appellant
 v.

WARDEN ROBERT STEVENS,
 Appellee
 
 center-4254500
 From the 440th District Court
 Coryell County, Texas
 Trial Court No. 18-47569
 
--------------------------------------------------------------------------------
3ORDER
 
 In a "Motion for Extension of Time 10.5(b)," Michael Dean Perry, a prison inmate, requests an extension of 30 days to file his docketing statement and to provide an affidavit of indigence and a six month printout of his inmate "Trust Fund Account" should this Court not accept those documents filed with the trial court. Perry also requests a copy of the Court's local rules. 
We initially note that Perry's motion does not appear to be properly served. See Tex. R. App. P. 9.5. Every document sent to this Court must reflect that it also was sent to all other parties to the proceeding. Tex. R. App. P. 6.3. This includes letters and emails. Moreover, every "pleading" must be accompanied by proof of service which complies with the requirements of the Texas Rules of Appellate Procedure and any applicable filing fee. Tex. R. App. P. 9.5(d); 5. What is a pleading, rather than a letter, may sometimes be hard to determine; but a good general rule-of-thumb is that if you are asking the Court for anything, or if you are responding to a request by another party or the Court, your document is probably a pleading that must include proof of service. See Tex. R. App. P. 9.5. Proof of service may be in the form of an acknowledgement of service by the person served or a certificate of service. Tex. R. App. P. 9.5(d). A certificate of service must state the name and address of each person served. Id. (e)(2). This Court and this Court's Clerk are not parties to this proceeding and will not serve other parties to the proceeding with letters or pleadings. 
Perry's certificate of service only indicates that he placed his motion in the mail, not that he served it on any of the parties to this appeal as required. Nevertheless, for this time only, we use Rule 2 to dispense with the service requirement and proceed to a disposition of Perry's motion. Any future document not copied, if a letter or email, or served, if a pleading, on the parties as required will not be acted upon by the Court.
Perry's docketing statement was received and filed on March 8, 2019, within the 10-day deadline provided by the Court in its letter dated February 27, 2019. Thus, his motion as to an extension of time to file his docketing statement is dismissed as moot.
Further, the letter issued by the Court on February 27, 2019, which required payment of fees or the filing of an affidavit of indigence, is the standard letter sent by a Court when a notice of appeal is filed. We note that the Clerk's Record, which was filed the same date the letter was issued, showed Perry filed an affidavit of indigence in the trial court. Another affidavit need not be filed. However, because this appeal falls under Chapter 14 of the Texas Civil Practice and Remedies Code, Perry must file in this Court (1) a separate affidavit or declaration identifying prior actions filed pro se, and (2) a certified copy of the inmate's "trust" account statement showing any account activity in at least the prior six months. Tex. Civ. Prac. & Rem. Code §§ 14.004, .006(f) West (2017); see McLean v. Livingston, 486 S.W.3d 561, 562 (Tex. 2016). Thus, Perry's motion is granted as to these two requirements. 
Accordingly, Perry's "Motion for Extension of Time 10.5(b)" is granted, in part. Perry's affidavit or declaration identifying prior actions filed pro se and a certified copy of the inmate's account statement showing any account activity in at least the prior six months are due 30 days from the date of this order. The failure to timely provide these documents may result in the dismissal of Perry's appeal. See Tex. R. App. P. 42.3(c); 44.3.
A copy of the Court's Local Rules is enclosed with this Order as requested by Perry.
 PER CURIAM
Before Chief Justice Gray,
 Justice Davis, and
 Justice Neill
Motion granted in part
Order issued and filed April 3, 20194092575-132080000