

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00029-CV

_____

JEFFERY A. ELDRIDGE, Appellant

V.

AMERICAN BAIL BONDS LIC #609, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 2017-1704-A

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

Jeffery A. Eldridge is an inmate of the Texas Department of Criminal Justice. On September 1, 2017, he sued American Bail Bonds Lic. #609 for alleged breach of contract and "deceptive business practices" and filed a motion to proceed in the trial court *in forma pauperis*. After providing sufficient warning to Eldridge, the trial court dismissed his lawsuit for want of prosecution on November 8, 2018. Eldridge appealed and filed an affidavit of inability to pay costs in this Court. Because he has not complied with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code, we dismiss this appeal.

Unless a party is excused from paying a filing fee, the clerk of this Court is required to collect filing fees set by statute or the Texas Supreme Court when an item is presented for filing. TEX. R. APP. P. 5, 12.1(b). An inmate who files an affidavit or a declaration of inability to pay costs in an appeal must also comply with Chapter 14 of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a). Failure to do so is grounds for dismissal. *See McLean v. Livingston*, 486 S.W.3d 561, 562 (Tex. 2016) (per curiam).

Section 14.004 requires an inmate plaintiff to file an additional affidavit or declaration identifying each prior lawsuit filed by the inmate without the benefit of legal representation, except for suits filed under the Texas Family Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a). The affidavit or declaration of previous filings must be accompanied by a certified copy of the plaintiff's inmate trust account statement reflecting the balance of the account at the time the appeal was filed and all account activity during the six months preceding the date the appeal was filed. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(c), 14.006(f); *see Frey v. Foster*, No. 06-13-

00086-CV, 2014 WL 1004494, at *3 (Tex. App.—Texarkana Mar. 14, 2014, pet. denied) (mem. op.). This procedural prerequisite is "designed 'to curb the constant, often duplicative, inmate litigation, by requiring the inmate to notify the trial court of previous litigation and the outcome.'" *Shirley v. Butcher*, No. 06-16-00089-CV, 2017 WL 1538164, at *2 (Tex. App.—Texarkana Apr. 27, 2017, pet. denied) (mem. op.) (quoting Frey, 2014 WL 1004494, at *2).

Because Eldridge did not file an affidavit or unsworn declaration of previous filings or a certified copy of his inmate trust account statement, by letter dated August 20, 2019, we provided him with ample notice and an opportunity to cure these defects. Our letter also warned Eldridge that failure to comply with Chapter 14's requirements by September 10, 2019, would result in dismissal of his appeal. *See* TEX. R. APP. P. 42.3. In response to our letter, Eldridge filed an affidavit of previous filings that did not set forth the operative facts of each case. He also did not comply with our directive to file a certified copy of his inmate trust account statement. Because Eldridge failed to meet the requirements of Sections 14.004 and 14.006(f) after having been provided an opportunity to cure the defect, we dismiss this appeal.

Scott E. Stevens
Justice

Date Submitted:     September 4, 2019
Date Decided:       September 24, 2019

3