# NO. 12-20-00100-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL A. KENNEDY,*<br>*APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *ANDERSON COUNTY, TEXAS AND*<br>*CITY OF PALESTINE,*<br>*APPELLEES* | § | *ANDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

This appeal is being dismissed for failure to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time. *See* TEX. R. APP. P. 42.3(c).

A party who is not excused by statute or the appellate rules from paying costs must pay--at the time an item is presented for filing--whatever fees are required by statute or Texas Supreme Court order. TEX. R. APP. P. 5. An appellate court may enforce Rule 5 by any order that is just. *Id*. If unable to pay the requisite filing fee, an inmate must file a statement of inability to pay costs, and a separate affidavit or declaration of previous filings that details all previous pro se actions and contains a certified copy of the inmate's trust account statement. *See* TEX. R. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004 (West 2017). An inmate must be afforded an opportunity to cure a filing defect before dismissal of the appeal. *Brown v. Jones*, 494 S.W.3d 727, 728 (Tex. 2016); *Ex parte N.C.*, 486 S.W.3d 560 (Tex. 2016); *McLean v. Livingston*, 486 S.W.3d 561, 564 (Tex. 2016). After giving ten days' notice, an appellate court may dismiss an appeal because the

appellant failed to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time.[1] TEX. R. APP. P. 42.3(c).

On April 2, 2020, the Clerk of this Court notified Appellant, Michael Kennedy, an inmate acting pro se, that the filing fee in this appeal is due.[1]  Appellant was informed that failure to remit the filing fee on or before April 13, would result in the Court's taking appropriate action, including dismissal of the case without further notice.  *See* TEX. R. APP. P. 42.3(c).  Also on April 2, the Clerk of this Court notified Appellant that an affidavit of previous filings and a current, certified copy of his inmate trust account statement, is due.  Appellant was informed that failure to remit a statement of previous filings and a current, certified copy of his inmate trust account statement before April 13 would result in the appeal being referred to the Court for dismissal without further notice.  *See id.*

The April 13 deadline expired and Appellant has not paid the filing fee or filed a declaration of inability to pay costs, a separate affidavit or declaration relating to previous filings, and a current, certified copy of his inmate trust account statement.  Because, after notice and an opportunity to cure, Appellant has not complied with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time, the appeal is ***dismissed***.  *See* TEX. R. APP. P. 42.3(c); *see also* ***Ex parte Alvarado***, No. 13-16-00514-CV, 2016 WL 6520179, at *1 (Tex. App.—Corpus Christi Nov. 3, 2016, no pet.) (mem. op.).

Opinion delivered April 22, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[1] Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel.  ***Muhammed v. Plains Pipeline, L.P.***, No. 12-16-00189-CV, 2017 WL 2665180, at *2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 22, 2020**

**NO. 12-20-00100-CV**

**MICHAEL A. KENNEDY,**
Appellant
V.
**ANDERSON COUNTY, TEXAS AND CITY OF PALESTINE,**
Appellees

Appeal from the 369th District Court

of Anderson County, Texas (Tr.Ct.No. DCCV18-592-369)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*