# NO. 12-21-00034-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TIMOTHY JAMES HALEY,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THAD W. DAVIDSON,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

This appeal is being dismissed for failure to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time. *See* TEX. R. APP. P. 42.3(c).

A party who is not excused by statute or the appellate rules from paying costs must pay--at the time an item is presented for filing--whatever fees are required by statute or Texas Supreme Court order. TEX. R. APP. P. 5. An appellate court may enforce Rule 5 by any order that is just. *Id*. If unable to pay the requisite filing fee, an inmate must file a statement of inability to pay costs, and a separate affidavit or declaration of previous filings that details all previous pro se actions and contains a certified copy of the inmate's trust account statement. *See* TEX. R. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004 (West 2017). An inmate must be afforded an opportunity to cure a filing defect before dismissal of the appeal. *Brown v. Jones*, 494 S.W.3d 727, 728 (Tex. 2016); *Ex parte N.C.*, 486 S.W.3d 560 (Tex. 2016); *McLean v. Livingston*, 486 S.W.3d 561, 564 (Tex. 2016). After giving ten days' notice, an appellate court may dismiss an appeal because the appellant failed to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time. TEX. R. APP. P. 42.3(c).

On March 5, 2021, the Clerk of this Court notified Appellant, Timothy James Haley, an inmate acting pro se, that the filing fee in this appeal is due. Appellant was informed that failure to remit the filing fee on or before March 15, would result in the Court's taking appropriate action, including dismissal of the case without further notice. *See* TEX. R. APP. P. 42.3(c). Appellant subsequently filed an application to proceed in forma pauperis and provided a copy of his inmate trust account statement but did not furnish an affidavit of previous filings. Accordingly, on March 17, the Clerk of this Court notified Appellant that an affidavit of previous filings is due. Appellant was informed that failure to remit a statement of previous filings before March 29 would result in the appeal being referred to the Court for dismissal without further notice. *See id*.

The March 29 deadline expired and Appellant has not filed his statement relating to previous filings.[1] Because, after notice and an opportunity to cure, Appellant has not complied with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time, the appeal is dismissed. *See* TEX. R. APP. P. 42.3(c); *see also* **Kennedy v. Anderson Cty.**, No. 12-20-00100-CV, 2020 WL 1933594, at \*2 (Tex. App.—Tyler Apr. 22, 2020, no pet.) (per curiam); **Ex parte Alvarado**, No. 13-16-00514-CV, 2016 WL 6520179, at \*1 (Tex. App.—Corpus Christi Nov. 3, 2016, no pet.) (mem. op.).

Opinion delivered April 7, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[1] Appellant filed a letter asking this Court to contact his family member to obtain payment. However, pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel. **Muhammed v. Plains Pipeline, L.P.**, No. 12-16-00189-CV, 2017 WL 2665180, at \*2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 7, 2021**

**NO. 12-21-00034-CV**

**TIMOTHY JAMES HALEY,**
Appellant
V.
**THAD W. DAVIDSON,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 17-2651-A)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*