

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00009-CV
_____

EVERICK L. MONK, Appellant

V.

OFFICER MASSEY, LT. VONN, SGT. PREE,
BOWIE COUNTY DETENTION CENTER, ET AL., STEVE BURTON,
KEITH CLARK, BRANDON HARVEL, JOSHUA LATHAM, ALAN OWENS,
AND S. HODGE, Appellees

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 22C0548-202

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Everick L. Monk is an inmate at the Bowie County Correctional Center. On May 31, 2022, he sued "Officer Massey, Lt. Vonn, Sgt. Pree, Warden Wilson, Officer Philson, Sheriff Neal," the Bowie County Detention Center, and inmates Steve Burton, Keith Clark, Brandon Harrell, Joshua Latham, Alan Latham, and "Inmate[] Hodge" for alleged assault and coercion. Monk filed a statement of inability to afford payment of court costs. On December 16, 2022, Monk filed an amended complaint adding additional defendants and seeking damages and injunctive relief. On December 30, 2022, the trial court entered an order dismissing Monk's lawsuit for failure to comply with the mandates of Chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014. Monk appeals the trial court's order of dismissal. Because Monk did not comply with the requirements of Chapter 14 of the Civil Practice and Remedies Code in this Court, we dismiss this appeal.

Unless a party is excused from paying a filing fee, the clerk of this Court is required to collect filing fees set by statute or the Texas Supreme Court when an item is presented for filing. TEX. R. APP. P. 5, 12.1(b). An inmate who files an affidavit or a declaration of inability to pay costs in an appeal must also comply with Chapter 14 of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a). Failure to do so is grounds for dismissal. *See McLean v. Livingston*, 486 S.W.3d 561, 562 (Tex. 2016) (per curiam).

Section 14.004 requires an inmate plaintiff to file an additional affidavit or declaration identifying each prior lawsuit filed by the inmate without the benefit of legal representation, except for suits filed under the Texas Family Code. TEX. CIV. PRAC. & REM. CODE ANN.

2

§ 14.004(a).  The affidavit or declaration of previous filings must be accompanied by a certified copy of the plaintiff's inmate trust account statement reflecting the balance of the account at the time the appeal was filed and all account activity during the six months preceding the date the appeal was filed.  TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(c), 14.006(f); *see Frey v. Foster*, No. 06-13-00086-CV, 2014 WL 1004494, at *3 (Tex. App.—Texarkana Mar. 14, 2014, pet. denied) (mem. op.).  This procedural prerequisite is "designed 'to curb the constant, often duplicative, inmate litigation, by requiring the inmate to notify the trial court of previous litigation and the outcome.'"  *Shirley v. Butcher*, No. 06-16-00089-CV, 2017 WL 1538164, at *2 (Tex. App.—Texarkana Apr. 27, 2017, pet. denied) (mem. op.) (quoting *Frey*, 2014 WL 1004494, at *2).

Because Monk did not file an affidavit or unsworn declaration of previous filings or a certified copy of his inmate trust account statement, by letter dated February 28, 2023, we provided him with ample notice and an opportunity to cure those defects.  Our letter also warned Monk that failure to comply with Chapter 14's requirements by March 30, 2023, would result in dismissal of his appeal.  In response to our letter, Monk filed an affidavit of previous filings that did not set forth the operative facts of each case.  He also did not comply with our directive to file a certified copy of his inmate trust account statement.

Because Monk failed to meet the requirements of Sections 14.004 and 14.006(f) after having been provided an opportunity to cure the defects, we dismiss this appeal.


Charles van Cleef
Justice

Date Submitted:     March 30, 2023
Date Decided:      March 31, 2023