

In The

# Fifteenth Court of Appeals

---

## NO. 15-24-00067-CV

---

**JAMES BRICKLEY, Appellant**

**V.**

**CORRECTION OFFICERS WAGNER, BAILEY, POLITE, SGT. HARTLEY, SGT. KLEYPAS, AND WARDEN MARTINEZ, Appellees**

---

**On Appeal from the 440th District Court**
**Coryell County, Texas**
**Trial Court Cause No. DC-23-55279**

---

### MEMORANDUM OPINION

James Brickley, a pro se inmate, incarcerated in the Texas Department of Criminal Justice (TDCJ), appeals the dismissal of his civil action against appellees correction officers Wagner, Bailey, Polite, Sgt. Hartley, Sgt. Kleypas, and Warden

Martinez.[1] The dismissal was signed November 30, 2023. Brickley filed his notice of appeal on December 10, 2023. Thereafter, the case was transferred to this Court by the Supreme Court of Texas on September 1, 2024.

On November 22, 2024, this Court sent Brickley a letter warning if he did not comply with several portions of Chapter 14 of the Texas Civil Practices and Remedies Code by December 13, 2024, we would dismiss the appeal.[2] Because we conclude Brickley failed to cure the defects identified in this Court's letter, we dismiss the appeal.

## I. Analysis

### A. Chapter 14 requirements for pro se inmates in civil actions.

Chapter 14 applies to actions, including appeals, brought by an inmate, "in which an affidavit or unsworn declaration" of indigency is filed.[3] The inmate is required to file several documents including: an affidavit or unsworn declaration listing previous pro se filings, and a trust account statement.[4] These documents are required when an inmate appears before an appellate court for an appeal or original proceeding, just as when an inmate files in a trial court.[5] The Supreme Court of Texas has concluded a court of appeals must provide an inmate with an

---

[1]     The brief and record available to this Court do not reflect the full names of the appellees. Therefore, we refer to them by the names consistent with the filings before this Court.

[2]     *See* TEX. R. APP. P. 42.3.

[3]     TEX. CIV. PRAC. & REM. CODE § 14.002(a).

[4]     *Id.* § 14.004.

[5]     TEX. CIV. PRAC. & REM. CODE § 14.002(a); *Douglas v. Moffett*, 418 S.W.3d 336, 339 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

2

opportunity to cure appellate filings prior to dismissal of the appeal.[6]

## B. Brickley failed to comply with Section 14.004.

Section 14.004 requires the inmate to file an affidavit or unsworn declaration listing previous actions he has brought pro se, regardless of whether he was an inmate at the time of the actions.[7] In addition, the inmate is required to file a certified copy of his trust account statement.[8] Both documents are required on appeal again because the information is subject to change between the time the inmate filed his original suit and his notice of appeal.[9]

Brickley failed to file both his affidavit relating to previous filings and his trust account statement. Even if Brickley properly filed an affidavit listing his previous filings with the trial court, he did not file it on appeal as required by Section 14.002(a).[10] Brickley appears to claim we should consider the one found within the record as satisfaction of the requirement. This argument fails for two reasons. First, the text of Chapter 14 expressly requires these documents for "an appeal or original proceeding" brought by the inmate in "an appellate court."[11]

---

[6] *McLean v. Livingston*, 486 S.W.3d 561, 564 (Tex. 2016) (per curiam); *Brown v. Jones*, 494 S.W.3d 727, 728 (Tex. 2016) (per curiam); *Ex Parte N.C.*, 486 S.W.3d 560 (Tex. 2016) (per curiam).

[7] TEX. CIV. PRAC. & REM. CODE § 14.004(a); *Sporn v. Marcantonio*, 2023 WL 5109777, at *3 (Tex. App.—Eastland Aug. 10, 2023, no pet.) (mem. op.) (holding an inmate's failure to file a declaration or affidavit related to previous litigation permits a court to assume the current suit is substantially similar to other previous filings).

[8] TEX. CIV. PRAC. & REM. CODE § 14.004(c).

[9] *Moffett*, 418 S.W.3d at 340.

[10] TEX. CIV. PRAC. & REM. CODE §§ 14.002(a), 14.004(a).

[11] *Id.* § 14.002(a).

Second, information within the affidavit of his previous filings may have changed between the time of filing his original petition and this appeal.[12] Here, Brickley admits he has filed an additional suit against the TDCJ mailroom employee Codi Mitchell. Therefore, Brickley was required to file a new affidavit or unsworn declaration under Section 14.004(a).

Brickley appears to admit the trust account statement required under Section 14.004(c) was never filed. He claims this responsibility falls on the unit law librarian. We find this argument unpersuasive. Brickley does not demonstrate that he even attempted to cure this defect upon receiving notice from this Court. Furthermore, the trust account statement cannot be found in the record and was certainly not filed on appeal. This Court gave Brickley the opportunity to cure the absence of the trust account statement and his affidavit regarding previous filings—which he failed to do. Therefore, this Court may dismiss the appeal because Brickley failed to comply with Section 14.004.

### C. This Court may dismiss this appeal for defective filings because it has afforded Brickley the opportunity to cure.

This Court may dismiss this appeal because it provided Brickley an opportunity to cure. Appellate courts must afford a pro se inmate the opportunity to cure defective filings.[13] Additionally, the court must provide a reasonable time for the party to cure.[14] This Court sent a letter to Brickley on Nov. 22, 2024, which provided him with notice and an opportunity to cure on or before December 13, 2024. Instead of working to cure, Brickley argued against compliance while

---

[12] *Moffett*, 418 S.W.3d at 340.

[13] *McLean*, 486 S.W.3d at 564.

[14] *Id.* (citing TEX. R. APP. P. 44.3).

blaming the unit law librarian for the absence of the requested affidavit and statement. While this Court is required to provide Brickley an opportunity to cure, it is not required to do so a second time.[15] Furthermore, the alleged interference that may have been the cause of the original defect does not appear to have prevented him from attempting to comply with this Court's notice and cure these deficiencies.[16] Therefore, this Court may properly dismiss this appeal because it provided notice and an opportunity to cure which Brickley failed to take.

## II. Conclusion

Brickley, on appeal, did not comply with Chapter 14 because he failed to file the documents required by Section 14.004. This Court afforded Brickley the opportunity to cure these defective filings—which he failed to seize. Therefore, we dismiss this appeal on our own motion for failure to comply with Section 14.004 of the Texas Civil Practice and Remedies Code.

/s/      Scott A. Brister
Scott A. Brister
Chief Justice


Panel consists of Chief Justice Brister and Justices Field and Farris

---

[15] *See McLean*, 486 S.W.3d at 565. A court has discretion to dismiss an appeal where the inmate does not substantially cure the defects in his first attempt, does not work diligently to cure, or disregards a court's order giving the inmate an opportunity to cure. *Monk v. Massey*, 692 S.W.3d 328, 332 (Tex. 2024) (Young, J., dissenting from denial of review) (stating he would hold a court of appeals is not automatically required to give an inmate a second opportunity to cure).

[16] *Monk*, 692 S.W.3d at 333 (Young, J., dissenting to denial of review) (noting a dismissal would be improper where the inmate: worked diligently to cure, did not receive notice of the defect, or was prevented by third parties from complying with a court's order).